**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**



| | | |
|---|---|---|
| **FEIHONG LONG,** | § | |
| | § | |
| *Petitioner*, | § | |
| **v.** | § | |
| | § | |
| | § | |
| **MARKWAYNE MULLIN,** | § | **EP-26-CV-00474-DCG** |
| *Secretary, U.S. Department of Homeland* | § | |
| *Security*; **and** | § | |
| **MARY DE ANDA YBARRA,** | § | |
| *Field Office Director, El Paso Field Office,* | § | |
| *Immigration and Customs Enforcement*, | § | |
| | § | |
| *Respondents.* | § | |

<u>**ORDER**</u>

As the Court has recounted in detail in prior orders, Petitioner Feihong Long's counsel

Andy Miri has filed no fewer than six procedurally noncompliant documents in the past month.[1]

Those defective filings have caused the Court to question whether Mr. Miri can competently

represent Petitioner in this important case.[2]  At the very least, Mr. Miri's failures to comply with

---

[1] *See, e.g.*, Order Den. 4th Mot. Substitute, ECF No. 14, at 1 ("For the fourth time, Attorney Andy Miri has filed a procedurally defective Motion to Substitute himself as Petitioner Feihan Long's counsel in this case.  And for the fourth time, the Court denies that Motion without prejudice." (emphases omitted)); Order Shortening Deadline Designate Local Co-Counsel, ECF No. 19, at 3–6 (recounting how Mr. Miri filed an untitled document on May 17, 2026 that suffered from numerous defects); Order Den. Mot. Leave, ECF No. 23, at 1, 3 ("Petitioner . . . has moved for leave to file a reply brief 71 days after the applicable deadline.  The Court denies that Motion without prejudice because it doesn't comply with the Court's Local Rules. . . . This is the sixth time in the past three weeks that Petitioner's attorney Andy Miri has filed procedurally noncompliant documents." (emphases omitted)).

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] *See, e.g.*, Am. Pet., ECF No. 2, at 3 (alleging that Immigration and Customs Enforcement ("ICE") is unlawfully detaining Petitioner).

the Court's rules and procedures have needlessly diverted the Court's time and attention from ruling on the merits of the numerous immigration habeas petitions pending before the Court.[3]

Although the Court has ordered Mr. Miri to obtain local co-counsel by May 29, 2026 to help him comply with the Court's rules and procedures,[4] Mr. Miri has continued to file noncompliant documents in the interim.[5]  Thus, in its order addressing Mr. Miri's most recent defective filing, the Court stated that it would "consider whether to take further remedial action against Mr. Miri" "[i]n a separate order."[6]  This is that separate order.

---

[3] *See* Order Den. 4th Mot. Substitute at 8 ("Mr. Miri's noncompliant filings have diverted the Court's time and attention away from other pressing matters—including habeas corpus petitions filed by other immigration detainees.").

[4] *See* Order Shortening Deadline Designate Local Co-Counsel at 7 ("The Court orders Attorney Andy Miri to designate local co-counsel in accordance with Western District of Texas Local Rule AT-2 as soon as possible, but no later than May 29, 2026." (emphases omitted)).

*See also* Order Den. 4th Mot. Substitute at 9 ("Given Mr. Miri's difficulties in complying with the Court's procedures and rules, the Court . . . informs Mr. Miri that if he ultimately succeeds in substituting himself as Petitioner's counsel of record, the Court will strongly consider ordering him to obtain local co-counsel." (emphasis omitted)); Order Granting 5th Mot. Substitute, ECF No. 17, at 2 ("The Court orders Mr. Miri to designate local co-counsel in accordance with Western District of Texas Local Rule AT-2 as soon as possible, but no later than June 15, 2026." (emphasis omitted)); Order Shortening Deadline Designate Local Co-Counsel at 1 ("The Court previously ordered [Mr. Miri] to obtain local co-counsel within a month.  In light of Mr. Miri's most recent filing in this case, the Court will shorten that deadline to two weeks." (emphases omitted)).

[5] *See generally* Order Den. Mot. Leave.

[6] *Id.* at 4.

## I.    DISCUSSION

Having weighed the Court's options,[7] the Court ultimately decides to prohibit Mr. Miri from filing any further documents in this case unless and until:

(1)    he obtains local co-counsel as ordered; and

(2)    local co-counsel signs onto the filing.

That restriction is subject to the limited exception that, if an emergency occurs in Petitioner's case that requires Petitioner to file a motion or other document between now and Mr. Miri's May 29, 2026 deadline to obtain local co-counsel, Mr. Miri may file that motion without first obtaining the signature of local co-counsel.  But the development necessitating that filing must be a true emergency—Petitioner's mere desire to file a reply brief more than two months after the applicable deadline, for example, does not rise to that level.[8]

---

[7] *See, e.g.*, *In re Ramos*, 679 F. App'x 353 (5th Cir. 2017) ("[C]ourts enjoy broad discretion to determine who may practice before them and to regulate the conduct of those who do." (citation modified)).

[8] *See* Order Den. Mot. Leave at 1 ("Petitioner . . . has moved for leave to file a reply brief 71 days after the applicable deadline.  The Court denies that Motion without prejudice because it doesn't comply with the Court's Local Rules." (emphases omitted)).

## II.    CONCLUSION

Subject to the limited exception discussed above, Mr. Miri **SHALL NOT** file any

documents on Petitioner's behalf in this case **UNLESS AND UNTIL**:

(1)    he obtains local co-counsel as previously ordered; and

(2)    local co-counsel signs onto the filing.

To ensure that Petitioner is aware of that restriction on his attorney's filings,[9] the Clerk of

Court **SHALL MAIL** this Order to Petitioner at:

Feihong Long
A# 245 778 453
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**So ORDERED and SIGNED this 22nd day of May 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[9] *See* Order Shortening Deadline Designate Local Co-Counsel at 6 (mailing a prior order to Petitioner "[t]o ensure that [he] is aware of his new attorney's pattern of procedural errors").