**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FEIHONG LONG,** | § | |
| | § | |
| *Petitioner*, | § | |
| **v.** | § | |
| | § | |
| | § | |
| **MARKWAYNE MULLIN,** | § | |
| *Secretary, U.S. Department of Homeland* | § | **EP-26-CV-00474-DCG** |
| *Security*; **and** | § | |
| **MARY DE ANDA YBARRA,** | § | |
| *Field Office Director, El Paso Field Office,* | § | |
| *Immigration and Customs Enforcement*, | § | |
| | § | |
| *Respondents*. | § | |

<u>**ORDER REGARDING MOOTNESS**</u>
<u>**AND PETITIONER'S UNAUTHORIZED FILING**</u>

Erroneously suspecting that the Government had removed Petitioner Feihong Long from the United States—which, if true, could potentially moot this case—the Court ordered Respondents to report whether Petitioner remained in their custody.[1]  Respondents timely informed the Court that Petitioner "has *not* been removed from the United States and remains detained at ERO El Paso Camp East Montana."[2]  The Court is therefore satisfied that this case remains live.  The Court will rule on Petitioner's Amended Petition for a Writ of Habeas Corpus in due course, as its heavy caseload permits.[3]

---

[1] *See* Order Regarding Potential Mootness, ECF No. 34, at 1–2 (explaining why the Court suspected that the Government had removed Petitioner from the country).

[2] *See* Resp'ts' Status Report, ECF No. 36, at 1 (emphasis added).

[3] *See* Am. Pet., ECF No. 2.

Before the Court does so, however, there's a matter the Court must address.  Petitioner's attorney Andy Miri purported to file an "Advisory Regarding Court's Order Concerning Potential Mootness" on June 24, 2026.[4]  Due to his repeated failures to comply with the Court's rules and procedures, however,[5] the Court has "prohibit[ed] Mr. Miri from filing any further documents in this case unless and until: (1) he obtains local co-counsel" as the Court ordered him to do, "and (2) local co-counsel signs onto the filing."[6]  Although Mr. Miri's deadline to designate local counsel expired nearly a month ago,[7] no local attorney has appeared as his co-counsel—and, as a result, no local attorney signed onto Petitioner's Advisory.[8]  The Court will therefore strike the Advisory as an unauthorized filing.[9]

---

[4] *See* Pet'r's Advisory, ECF No. 35.

[5] *See* Order Restricting Filings, ECF No. 25, at 1 & n.1.

[6] *Id.* at 3.

[7] *See* Order Permitting Substitution Counsel, ECF No. 17, at 2 (the Court's May 15, 2026 Order requiring Mr. Miri to "designate local co-counsel in accordance with Western District of Texas Local Rule AT-2 as soon as possible, but no later than June 15, 2026" (emphases omitted)); Order Shortening Deadline, ECF No. 19, at 6–7 (the Court's May 18, 2026 Order shortening that deadline to May 29, 2026 after Mr. Miri "continued to file procedurally noncompliant filings").

The day before his May 29, 2026 deadline to obtain local co-counsel, Mr. Miri filed a Status Report stating that every attorney he contacted in his quest for local counsel "declined involvement or refused to enter an appearance in this matter," and attesting that he was still "seek[ing] local co-counsel in compliance with the Court's Order."  Pet'r's Status Report, ECF No. 27, at 2.  Even if it's true that Mr. Miri was unable to find local co-counsel by the May 29, 2026 deadline despite his concerted efforts, it's now late June—meaning that Mr. Miri has had more than 40 days to find a local attorney willing to serve. *See* Order Permitting Substitution Counsel at 2 (issued May 15, 2026).  The fact that he hasn't makes the Court question the strenuousness of his efforts to obtain local counsel.

[8] *See* Pet'r's Advisory at 3 (signature block containing Mr. Miri's signature only).

[9] The Court made its restrictions on Mr. Miri's filings subject to an exception: if an emergency "require[d] Petitioner to file a motion or other document between" May 22, 2026 (when the Court issued its Order restricting Mr. Miri's filings) and May 29, 2026 (Mr. Miri's deadline to obtain local co-counsel), Mr. Miri could "file that motion without first obtaining the signature of local co-counsel." Order Restricting Filings at 3.  But Petitioner's Advisory didn't qualify for that exception because he filed it on June 24, 2026—far outside the May 22–29, 2026 window. *Compare* Pet'r's Advisory at 3, *with* Order Restricting Filings at 3.  In any event, Petitioner didn't even attempt to argue that his Advisory

- 2 -

The Court **STRIKES** "Petitioner's Advisory Regarding Court's Order Concerning Potential Mootness" (ECF No. 35) accordingly.

Mr. Miri **REMAINS SUBJECT** to the filing restrictions set forth in the Court's May 22, 2026 "Order" (ECF No. 25).

Mr. Miri's unauthorized filing marks the eighth time that Mr. Miri has violated a court order, rule, or deadline in this case since May 1, 2026.[10]  If Mr. Miri commits any further violations, the Court **WILL STRONGLY CONSIDER** sanctioning him.

The Court will rule on Petitioner's "Amended Petition for Writ of Habeas Corpus" (ECF No. 2) in due course, as its heavy caseload permits.

To ensure that Petitioner remains apprised of his attorney's pattern of errors, the Clerk of Court **SHALL MAIL** this Order to:[11]

Feihong Long
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**So ORDERED and SIGNED this 25th day of June 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

qualified for that emergency exception—indeed, the Advisory doesn't even acknowledge that the Court has restricted his filings at all.  *See* Pet'r's Advisory at 1–3.

[10] *See* Order Restricting Filings at 1 & n.1 (recounting how Mr. Miri "filed no fewer than six procedurally noncompliant documents" in this case between May 1, 2026 and May 22, 2026); *see also supra* note 7 and accompanying text (noting that Mr. Miri missed his May 29, 2026 deadline to designate local co-counsel, making that his seventh violation of a court order, deadline, or rule in this case).

[11] *See* Resp'ts' Status Report Ex. A, ECF No. 36-1, at 1 (indicating that the Government is presently detaining Petitioner at ERO El Paso Camp East Montana).